UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TOKIO MARINE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:22-CV-319-TAV-JEM ) |
| BILLIARDS & BREWS, LLC and RICHARD C. LAWHORN, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is plaintiff's Notice attaching a proposed Order of Dismissal with Prejudice [Docs. 23, 23-2], to which defendants have filed a Notice of Objection to Nonsuit [Doc. 24] and Motion for Sanctions [Doc. 25].

**I. Background**

This matter has its origins in state court. On December 27, 2020, Brandon Lee was shot and killed in the parking lot of defendants' establishment, Billiards & Brews [Doc. 12, pp. 15–16]. At the time of Lee's death, plaintiff and defendants had a Commercial General Liability Coverage and Liquor Liability Coverage policy in place [Doc 1, p. 11]. On May 26, 2021, Beth Tremaine, as mother and next of kin of Lee, filed a Complaint against defendants in Knox County Circuit Court ("state court action"), alleging that their "negligence and recklessness … was the cause-in-fact and proximate cause of the death of … Lee" [Doc. 1-1, p. 5].

On September 13, 2022, plaintiff filed a Complaint for Declaratory Judgment against defendants in this Court, asking for a declaration that it has no obligation under the policy to provide any coverage to defendants, either through defense or indemnity, in the underlying state court action, due to the application of the Assault and Battery Exclusion Endorsement [Doc. 1, pp. 10–11]. Defendants filed a 31-page Answer [Doc. 12] on October 31, 2022, along with multiple exhibits, in which they assert that "[t]he four corners of the insurance policy will govern this dispute," that a reservation of rights letter was never received, and that the affirmative defenses of estoppel and waiver apply [*Id.* at 20, 23, 27].

Eventually, the state court action was settled, and an Order of Voluntary Dismissal with prejudice was entered by the Honorable Deborah Stevens [Doc. 23-1]. The settlement of the state court action prompted plaintiff to file the Notice at issue, which advised the Court that the declaratory judgment action is now moot due to the dismissal of the underlying state court action [Doc. 23]. Plaintiff also provided the Court with a copy of the entry of the Order of Voluntary Dismissal signed by Judge Stevens [Doc. 23-1], as well a proposed Order of Dismissal with Prejudice [Doc. 23-2]. As noted above, defendants filed a Notice of Objection to Nonsuit [Doc. 24], along with a Motion for Sanctions [Doc. 25].

In their Notice of Objection to Nonsuit, defendants maintain that plaintiff brought the declaratory judgment action "for no other reason than to harass and intimidate its insured," "in bad faith with no basis in fact or law," and "with malicious intent to harm the Defendants, which, unfortunately the Plaintiff has accomplished" [Doc. 24]. Defendants

state that they have suffered significant monetary loss as well as mental and emotional anguish by having to hire counsel to defend this declaratory judgment action, while at the same time they were "in the midst of a potential million dollar plus wrongful death action" [*Id.*].

Having considered the parties' filings and responses, these matters are ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). The Court will address the sanctions issue first and then turn to the issue of dismissal.

## II.     Sanctions

In their Motion for Sanctions, defendants seek sanctions pursuant to 28 U.S.C. § 1927 and complain that plaintiff's filing of "this baseless lawsuit" was "in complete disregard for the sanctity of this Honorable Court's time and judicial efficiency" and resulted in "extreme business ending damages" [Doc. 25]. Therefore, they ask the Court to award damages, including for lost income, mental and emotional anguish, and attorney's fees, costs, and expenses. Defendants assert that they never received a reservation of rights letter from plaintiff and that the settlement of the state court action at mediation was accomplished "despite Defendants['] objections that they had no liability."[1] Finally, defendants maintain that the settlement of the state court action was meant to be "global[], meaning to include Mr. Lawhorn's claims against the Plaintiff [Tokio Marine] herein and Lewis and Thomason for trying to sell him and his business out" at the mediation [*Id.*].

---

[1] The Court notes that defendant Lawhorn filed a pro se Motion to Set Aside Settlement on July 5, 2023, in the state court action [Docs. 26-2, 27-2].

3

In its Response in Opposition to the Motion for Sanctions, plaintiff states that it provided defendants with a defense under full reservation of rights, although it believed that the policy's terms excluded coverage of the underlying lawsuit [Doc. 26, *see also* Doc. 1]. Plaintiff points out that Lawhorn was never satisfied with the attorneys that it retained to defend him and his business and that he "failed to appreciate that the decision to settle the underlying case belonged to Tokio" pursuant to the policy [Doc. 26, p. 2]. Along with other documents, plaintiff provides a copy of the Affidavit of Richard C. Lawhorn filed in Knox County Circuit Court, wherein Lawhorn asserts his disagreement with the settlement of the state court action and states that his attorney Ken Ward "did not have the authority to enter into any settlement agreement on behalf of [him] or Billiards & Brews" [Doc. 26-1].

Defendants filed a Memorandum of Law in Support of Motion for Sanctions [Doc. 27], wherein they assert that "[t]he actions of the Plaintiff[] using this Honorable Court as an unauthorized weapon strikes at the heart of tort-reform for lawsuits filed like the Plaintiff's herein" and entitles defendants to an order granting sanctions against plaintiff's counsel. Plaintiff filed a Response in Opposition to the Memorandum in Support for Sanctions [Doc. 28], and finally defendants filed a Notice of Supplementation [Doc. 29]. Defendants seek an evidentiary hearing to resolve their request for sanctions [Docs. 27, 29].

Defendants move for sanctions against plaintiff under 28 U.S.C. § 1927, which provides:

4

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. An attorney is sanctionable under this provision "when [he] objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir. 1987)). The purpose of sanctions under § 1927 is "to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Id.* (citation omitted). Furthermore, "§ 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id.* (citation omitted).

The Court finds that defendants' Motion for Sanctions fails on its merits, as they have not demonstrated any conduct by plaintiff's counsel that warrants sanctions. Defendants have presented no facts demonstrating that the filing of the declaratory judgment action by plaintiff's counsel objectively falls short of his obligations as a member of the court and therefore caused additional expense to defendants. *See Red Carpet Studios*, 465 F.3d at 646. Indeed, the Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201, and such actions are the appropriate way to resolve coverage disputes between insureds and insurers, *see, e.g. Maxum Indemnity Co. v. Robbins Co.*, 784

5

F. App'x 366, 371 (6th Cir. 2019). This declaratory judgment action has lasted from September 2022 to the present, with only a Motion to Strike certain paragraphs of Defendants' Answer being litigated before United States Magistrate Judge Jill E. McCook [*see* Docs. 16, 19, 20]. Therefore, it cannot be said that the actions of plaintiff's counsel have been "dilatory" or overly "aggressive." *See* 28 U.S.C. § 1927. For all of these reasons, defendants' Motion for Sanctions [Doc. 25] is denied. Defendants' request for an evidentiary hearing is also denied as the Court does not find a hearing necessary to adjudicate the motion. *See* E.D. Tenn. L.R. 7.2 ("Motions will be disposed of routinely as soon as possible after they have become at issue, unless a hearing has been requested and granted or unless the Court desires a hearing on the motion(s).").

**III. Dismissal**

As noted above, plaintiff filed a Notice advising the Court that the declaratory judgment action is now moot as a result of the dismissal of the underlying state court action [Doc. 23]. It attached a copy of the entry of the Order of Voluntary Dismissal signed by Judge Stevens [Doc. 23-1], as well a proposed Order of Dismissal with Prejudice [Doc. 23-2]. Defendants' Notice of Objection to Nonsuit maintains that plaintiff brought the declaratory judgment action to "harass and intimidate," "in bad faith," without "basis in fact or law," and "with malicious intent to harm" [Doc. 24]. In plaintiff's Response in Opposition to the Memorandum in Support for Sanctions filed by defendants, plaintiff asks the Court to grant its Motion for Voluntary Dismissal of this action under Federal Rule of Civil Procedure 41(a)(2) [Doc. 28].

6

The Court construes plaintiff's Notice [Doc. 23] as a Motion for Voluntary Dismissal with Prejudice pursuant to Rule 41(a)(2). Rule 41(a)(2) provides that, except for the circumstances in Rule 41(a)(1), which do not apply here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The rule further states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* Here, there is no counterclaim pending that would preclude dismissal under Rule 41(a)(2).

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted). Abuse of that discretion "is found only where the defendant would suffer 'plain legal prejudice.'" *Id.* (citation omitted). Factors bearing on whether such prejudice exists include "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* Each of these factors need not be resolved in favor of the moving party for dismissal to be appropriate. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007). Rather, the factors serve as a guide for the district court. *Id.* "With appropriate explanation, a district court is free to exercise its discretion to dismiss with or without prejudice and to determine the

terms of [the] dismissal." *See Est. of Chubb v. Daimler Trucks N. Am. LLC*, 850 F. App'x 358, 361 (6th Cir. 2021).

In considering the factors set forth above, the Court finds that it is proper to dismiss plaintiff's declaratory judgment action with prejudice pursuant to Rule 41(a)(2). First and foremost, plaintiff has provided a sufficient explanation for its request for dismissal with prejudice given that the underlying state court action has been voluntarily dismissed with prejudice following a mediated settlement and this declaratory judgment action is now moot. Defendants' complaints that they are not satisfied with their legal counsel or that they did not consent to the settlement do not relate to the matter before this Court. As to the other factors, the Court notes that defendants have not filed a motion for summary judgment or prepared for trial in this case. Also, as determined above on the issue of sanctions, the Court does not find any excessive delay or lack of diligence by plaintiff in prosecuting the action. While cognizant that defendants were required to expend time and resources on this matter, the Court does not view plaintiff's filing of this declaratory judgment action and its timeline as indicative of nefarious purposes or unreasonably protracted. Therefore, the balance of the factors weighs in plaintiff's favor to grant its motion to voluntarily dismiss with prejudice, as defendants will not suffer clear legal prejudice. *See Grover by Grover*, 33 F.3d at 718. In addition, defendants do not cite any substantive grounds that such dismissal should not be properly effectuated under Rule 41(a)(2). Accordingly, plaintiff's Notice [Doc. 23], which the Court construes as a motion, is well taken and granted.

## IV. Conclusion

For the reasons stated herein, the Court hereby **DENIES** defendants' Motion for Sanctions [Doc. 25] and **GRANTS** plaintiff's Notice [Doc. 23] moving to dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Accordingly, this case is **DISMISSED WITH PREJUDICE**. As no matters remain for adjudication, the Court **DIRECTS** the Clerk of Court to **CLOSE** the case. An appropriate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE